**In re Stuart J. ATLAS and Vicki K. Atlas, Debtors.**

**James O. GUY, Appellant,**

**v.**

**Patricia DZIKOWSKI, Trustee, Appellee.**

**No. 95–2240–CIV–GOLD.**

United States District Court, S.D. Florida.

March 6, 1998.

Carlos de Zayas, Coconut Grove, FL.

Lynn M. Golin, Tew & Beasley, L.L.P., Miami, FL.

## ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER DETERMINING VIOLATION OF THE AUTOMATIC STAY AND IMPOSING SANCTIONS

GOLD, District Judge.

The Court has appellate jurisdiction in this matter pursuant to 28 U.S.C. § 158(a). In this appeal the Appellant, James O. Guy, seeks reversal of the **Order Determining James Guy To Be In Violation of the Automatic Stay and Imposing Sanctions,** dated June 26, 1995, in the case of *In re Stuart J. Atlas and Vicki K. Atlas,* entered by the Bankruptcy Court for the Southern District of Florida.

The applicable standard of review for issues of fact is that the findings of the Bankruptcy Court shall not be reversed unless clearly erroneous, and due regard must be given to the Bankruptcy Court's opportunity to judge the credibility of the witnesses. Bankr. Rule 8013; *In re Patterson,* 967 F.2d 505, 508 (11th Cir.1992). Issues of law are reviewed *de novo* by this Court. *Id.*

In accordance with Bankr.Rule 8012, the Court determines that the record and the briefs of the parties provide an adequate basis for reviewing this matter, and oral argument shall not be granted. This Court concludes, for the reasons which are set forth herein, that the Order, entered by the Bankruptcy Court on June 26, 1995, in this Cause is AFFIRMED.

### BACKGROUND

Appellant James O. Guy is the attorney for the pension and profit sharing plans, the Gateway Mortgage Corp. Employees Retirement Plan Trust and Gateway Mortgage Corp. Employees Profit-sharing Plan Trust, which he contends are ERISA Trusts. A Chapter 7 bankruptcy petition was filed by Stuart J. Atlas and Vicki K. Atlas, and the debtors claimed their interest in the Trusts as an exempt asset. The Chapter 7 trustee, Patricia Dzikowski, filed an objection to the debtors' claimed exemption on April 14, 1995. In pursuit of enforcing the rights under the plans, Guy filed a Complaint in the district court in New Jersey, which was served on

the trustee on April 24, 1995. The Complaint sought injunctive relief to prevent the trustee from prosecuting an objection to the debtors' claimed exemption, which had been set for hearing before the Bankruptcy Court. Thereafter, the trustee filed a motion in the Bankruptcy Court pursuant to 11 U.S.C. § 362(h) seeking sanctions, alleging that Guy had violated the automatic stay imposed by 11 U.S.C. § 362(a)(3). Guy had not sought leave of the bankruptcy court to file the Complaint in the New Jersey court. Upon the Bankruptcy Court's ruling in favor of the trustee providing for the imposition of sanctions against Guy for willful violation of the automatic stay, this appeal was filed.

## DISCUSSION

### I. APPLICABLE LAW

Determination of the scope of the automatic stay pertinent to this matter is governed by 11 U.S.C. § 362(a)(3), which provides a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

The applicable provision for the award of sanctions for violation of the stay is 11 U.S.C. § 362(h), which states that:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

Appellant attempts to distinguish his actions from those actions which violate the stay by relying on 11 U.S.C. § 541(c)(2), which provides as an exclusion from the categories of property of the estate the property interest in certain trusts. Section 541(c) provides that:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

### II. ISSUES

Appellant contends that the Bankruptcy Court erred because of matters relating to lack of jurisdiction, lack of standing of the trustee, failure to follow proper procedures and misapplication of the law pertaining to property of the estate and the scope and duration of the automatic stay. Appellant also argues against the position asserted on appeal by Appellee that the "Trustee's Amended Objections" is the property of the estate.

The determining factor in the Bankruptcy Court's analysis is the principle that a party may not interfere with a trustee's official duties by seeking injunctive relief in another court, unless they have obtained leave from the bankruptcy court that appointed the trustee. The Bankruptcy Court determined that the impermissible action was taken by Guy to prevent the trustee from exercising her statutory duties.

### III. ANALYSIS

Appellant relies heavily on the principle that an exempt ERISA plan is not property of the bankruptcy estate. The matter of the plan's provisions, and, thus, the validity of the exemption, is an issue of fact, that was brought before the bankruptcy court by the filing of the trustee's objection. The bankruptcy court properly viewed the issue as what conduct is sanctionable as a violation of the automatic stay, rather than initially ruling on the merits of the trustee's objection to determine the property interest and exemption issue. The bankruptcy court noted in its Order that "[t]here has not yet been any determination that the Plans listed on these Debtors' schedules are in fact qualified ERISA pension plans such that the Debtors' interest is not part of the estate."

The essence of Appellant's argument is that "unless the Atlas' interest in the Trusts is property of the estate—the critical element of a 11 U.S.C. § 362(a)(3) violation is missing." This argument presupposes that such a determination can be unilaterally reached by a party when it files an action relating to a debtor's asset, even in the face of the trustee's objecting to the exempt status of the debtor's asset and before a hearing is held in the bankruptcy court. Were the trustee's powers so limited by outside, inde-

pendent interpretation rather than the provisions and rules governing the bankruptcy estate and procedures before the bankruptcy court, the points argued by Appellant would merit serious attention. However, all of the procedural and substantive arguments asserted by the Appellant in this appeal are based on the fundamental error of Appellant that the provisions of Section 362(a)(3) are not absolute, and overlooking the fact that the trustee had initiated the process of seeking a ruling on the issue of property of the estate and the debtors' exemption in the bankruptcy court, where such matters are properly litigated.

■ An important purpose of the automatic stay is to prevent a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982). The action taken by the Bankruptcy Court upholds this purpose.

■ Therefore, there is no basis for this Court to reverse the Order of the Bankruptcy Court where Bankruptcy Judge Robert A. Mark found that Guy's filing of the Complaint to enjoin the Chapter 7 trustee falls within the scope of the 11 U.S.C. § 362(a)(3) prohibition against actions to obtain possession of or exercise control over property of the estate, and that sanctions pursuant to 11 U.S.C. § 362(h) were properly assessed to cover damages incurred by the trustee.

### CONCLUSION

The Court finds that the Bankruptcy Court's findings of fact are not clearly erroneous, and that the legal conclusions are not based on an erroneous application or interpretation of the law. Therefore, upon a thorough review of the record, the parties' briefs and the applicable law, the Bankruptcy Court's Order which is the subject of this appeal, dated June 26, 1995, is hereby AFFIRMED.